## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| NIKKI A. SMITH, | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | §     C. A. NO.: 1:09-CV-256 |
| | § |
| WELLPOINT, INC., DBA ANTHEM | § |
| BLUE CROSS AND BLUE SHIELD, | § |
| | § |
| Defendant. | § |

### AGREED PROTECTIVE ORDER ( Docket N͏o. 14-2 )

This Agreed Protective Order shall remain in effect for the duration of the above-captioned litigation unless otherwise ordered by the Court or agreed by the Parties.

The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information, such as, but not limited to, employment applications; company and employee forms, manuals, and guides not otherwise available to the public; personnel documents regarding Plaintiff Nikki A. Smith or Defendant The WellPoint Companies, Inc.'s present and former employees; and, information relating to Plaintiff concerning personal matters not generally known to the public such as income and medical information. All confidential and/or proprietary documents produced by any of the parties in this action shall be deemed confidential and shall be subject to this Order.

**IT IS HEREBY ORDERED:**

1.  **Definitions.** For the purpose of this Order, the following Definitions shall apply:

    a.  "Action" shall mean the above-captioned action, *Nikki A. Smith v. WellPoint, Inc., dba Anthem Blue Cross And Blue Shield*; Civil Action No. 1:09-CV-256; pending in the United

HOU 13120882.3

**EXHIBIT A**

1

States District Court for the District of Colorado, and, if applicable, all subsequent appellate, review, remand, and severed proceedings related thereto.

b.      "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

c.      "Parties" shall mean the named parties to this Action. A "Party" shall mean any of the Parties.

d.      "Third Party" shall mean any natural person, partnership, corporation, association or other legal entity that is not a named Party, as defined above, to this Action.

e.      "Producing Party" shall mean any Party or Third Party that produces, intends to produce or has been requested, subpoenaed or otherwise required to produce any Confidential Material, as hereinafter defined, in this Action.

f.      "Receiving Party" shall mean any Party that receives any Confidential Material, as hereinafter defined in this Action.

g.      "Confidential Material" shall mean all material that a Party asserts in good faith to be of a proprietary business or confidential nature and which the Party would not normally reveal to competitors, potential competitors, and/or other Third Parties, or which the Party would cause Third Parties to maintain in confidence. Any material that a Party intends to designate as Confidential Material must first be reviewed by a lawyer who has certified that the material is entitled to protection. Such material may include, but is not limited to the following examples:

  i.      employment applications;

  ii.      employee manuals not otherwise available to the public;

  iii.      personnel files and evaluations;

2

iv.   company forms, manuals and guides not otherwise available to the public;

v.   marketing and sales information not otherwise available to the public;

vi.   Plaintiff's income and medical information;

vii.   information regarding Plaintiff's contact of prospective employers;

viii.   information subject to confidentiality or non-disclosure agreements;

ix.   information that is protected by rights of privacy under state and federal constitutions;

x.   any other information that would qualify as confidential pursuant to the Federal Rules of Civil Procedure or any other applicable legal standard.

**2.**   **Use of Confidential Material.**

a.   Confidential Material received by a Party shall be used by that Party and its counsel solely for purposes of this Action (including any appeals) and shall not be used for any other purpose, including without limitation any business, commercial or personal purpose.

b.   This Order shall not be deemed to preclude or affect a Producing Party's use of its own Confidential Material, for any purpose, or a Party's use of any documents, materials or information obtained independently of discovery in this Action.

c.   The Parties, in conducting discovery from Third Parties, shall attach to such discovery requests a copy of this Order and a cover letter that will apprise such Third Parties of their rights hereunder

**3.**   **Designation of Confidential Material.**

a.   A Producing Party may designate material as Confidential Material by placing on or affixing to it (or otherwise declaring, if affixation is not practical), in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on each page or part of the document or thing containing Confidential Material. Such a designation shall constitute a good-faith representation by counsel for the Producing Party that the document or thing constitutes or

3

contains Confidentia Material. Such a designation shall, where practicable, be made prior to or contemporaneously with production or disclosure except in the case of depositions and except in other circumstances where such contemporaneous designation by affixation is not practicable, in which case the Producing Party shall make the designation as soon as practicable after production. Depositions shall be designated as Confidential Material as set forth herein. To the extent the Parties have produced material before the entry of this Order, the Parties shall identify by Bates number each page they consider to be "Confidential Material" regardless of whether it was so marked when produced, and such documents shall thereafter be deemed "Confidential Material" unless objection is made under Paragraph 4 below.

4.      **Challenging the Designation of Confidential**

A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party challenging the "Confidential" designation to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion with the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

4

5. **Disclosure of Confidential Material.**

    a.    Confidential Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except:

    i.    The Court and its personnel;

    ii.    The Parties;

    iii.    Counsel to the Parties;

    iv.    Clerks, paralegals, secretaries and other persons employed by such Counsel to provide litigation support regarding this Action;

    v.    Experts and professional consultants who have been retained by the Parties' counsel and who have a need to know said Confidential Material in order to assist Counsel in this litigation, including preparation for the trial.

    vi.    Court Reporters and deposition transcript reporters;

    vii.    Any of the author(s) and recipient(s) of such Confidential Material, as indicated on the face of the document, record or thing or as otherwise established; and

    viii.    A potential witness whose deposition is being taken, or who is being interviewed by anyone designated above, solely for purposes of this litigation, provided that witness:

    (a)    has personal knowledge or is believed to have personal knowledge as to the substance of the Confidential Material, provided that non-parties do not receive copies of the documents or otherwise record for their use any information contained in the documents, or

HOI 13120882.3

(b)     is an expert who is designated by a Producing Party or who is entitled to access to such Confidential Material under the terms of this Order; or

(c)     A designated corporate representative witness.

b.      Counsel for the Parties and/or their staff shall at all times have and maintain physical custody and control over all Confidential Material and also be responsible for ensuring that such Material does not leave their custody and/or is not disclosed orally.  Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

6.      **Disclosure to Experts.**

a.      Prior to disclosing or seeking to disclose any Confidential Material to any Expert, counsel for the Party in question shall determine that disclosure to such Expert of such Confidential Material is, in that counsel's good faith judgment, reasonably necessary to that counsel's representation of a Party in this Action.

b.      Confidential Material shall not, directly or indirectly, be disclosed or otherwise provided to an Expert unless such Expert agrees in writing:

i.      to maintain the security of such Confidential Material when such Confidential Material is not being reviewed;

ii.     to return such Confidential Material and all copies thereof to counsel for Plaintiffs or Defendant, as appropriate; or to destroy such Confidential Material with counsel's permission, upon the conclusion of the Expert's assignment or retention; and

6

      iii.    not to disclose such Confidential Material to anyone, except as permitted by this Order; and to use such Confidential Material and the information contained therein solely for the purpose of rendering expert witness services to a Party to this Action, including providing testimony in this Action.

A Party that discloses any Confidential Material to an expert shall maintain a file of all executed Confidentiality Agreement and Undertaking documents in the form attached hereto. Unless good cause is shown, the Party shall not be required to disclose to the other Party the identity of experts with whom it has shared Confidential Material.

**7.**    **Use of Confidential Material at Depositions.**

The portions of any deposition transcript that Counsel for any Party has designated on the record at the deposition as confidential and any Confidential Material that is marked as a deposition exhibit shall be treated as Confidential Material. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Material for ten (10) calendar days after the transcript is delivered to the Parties' Counsel. During that 10-day period, either Party's Counsel may designate via letter to all counsel, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Confidential Material.

**8.**    **Presentation of Confidential Material to the Court.**

    a.    Stamped Confidential Material shall not be filed with the clerk of court except when required in connection with motions under Fed. R. Civ. P. 12, 37, or 56, motions to determine confidentiality under the terms of this Protective Order, motions related to discovery disputes if the Confidential Material is relevant to the motion, and in appendices, briefs, or

7

pleadings relating to an appeal. Confidential Material shall not lose its confidential status as between the parties through such use. Confidential Material and pleadings or briefs quoting or discussing Confidential Material will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978).

b.       As to testimony elicited or exhibits offered or used during the hearings and other proceedings or at the trial of this Action, the courtroom and proceedings shall remain open unless otherwise ordered by the Court.

**9.       Inadvertent Disclosure of Confidential Material.**

Inadvertent failure to designate any material as Confidential Material pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within fifteen days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Producing Party appropriately to mark such material in accordance with this Order.

**10.       Inadvertent Disclosure of Work Product or Privileged Information.**

The inadvertent or mistaken production of material subject to a claim of attorney-client, work product or other privilege or protection shall not be deemed a waiver of a claim of privilege. A Producing Party that mistakenly or inadvertently produces material subject to any claim of privilege or protection from discovery may, promptly upon discovery of such disclosure, request that the Parties receiving such material return it. A Party receiving such

8

HOI 13120882.3

material shall use its best efforts to return all copies thereof within three business days after the request is received and the Producing Party serves on the receiving party a privilege log that lists the items to be returned in a manner and with sufficient detail to comply with applicable law. The Party receiving such material shall use its best efforts to destroy or redact any notes or summaries referring or relating to the privileged information in any such material.

**11.    Duty to Report.**

When any counsel of record in this Action or any counsel who has executed or filed a confidentiality agreement or confidentiality undertaking becomes aware of any violation of this Order or of a confidentiality agreement or undertaking related to this Action, or of facts constituting good cause to believe that such a violation may have occurred, such counsel shall promptly report, with all relevant particulars to assist in aiding any investigation, to this Court and to counsel for the Producing Party that there may have been such a violation.

**12.    Continuing Jurisdiction.**

After the conclusion of this Action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Confidential Material pursuant to this Order, in order to enforce the provisions of the Order ~ Until Termination of This Case.

**13.    Conclusion of Litigation.**

Three years after the conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Materials subject to this Order shall assemble and return all Confidential Materials to the party that designate or the parties may each elect to destroy Confidential Materials.  No originals,

9

copies, summaries, or other embodiment of any such Confidential Materials will be retained by any person or entity to whom disclosure was made.

**14.    Privilege.**

Nothing in this Agreed Protective Order shall constitute a waiver of the attorney-client, attorney work product, or trial preparation privileges or limit any party to object to the scope of discovery or to any particular discovery request in this litigation. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying generally on his or her examination of confidential items.

**14. Violations.**

a.      Any violation of the terms of this Agreed Protective Order may result in sanctions to be fixed by the Court in its discretion.

Signed this the 27th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

10

AGREED:

/s/ Susan R. Hahn *by permission*
Susan R. Hahn
LAW OFFICE OF SUSAN R. HAHN LLC
5765 South Curtice Street
Littleton , CO 80120
Phone: 720-283-6282
Fax:    720-283-1091

ATTORNEY FOR PLAINTIFF
NIKKI A. SMITH

AGREED:

/s/ Timothy M. Watson
Timothy M. Watson
Texas Bar No. 20963575
Seema Mir
Texas Bar No. 24062900
SEYFARTH SHAW LLP
700 Louisiana Street, Suite 3700
Houston, Texas  77002-2797
Telephone:  (713) 225-2300
Facsimile:  (713) 225-2340

ATTORNEYS FOR DEFENDANT
THE WELLPOINT COMPANIES, INC.

HO1 13120882.3